IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| WILLIAM CLIFORD WATSON, | : |
| Plaintiff | : |
| VS. | : |
| Officers MACRAY and OWENS, | : NO. 7:09-CV-119 (HL) |
| Defendants | : **ORDER & RECOMMENDATION** |

Plaintiff **WILLIAM CLIFORD WATSON**, an inmate at the Bobby Hines Justice Center ("BHJC") in Thomasville, Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. In compliance with this Court's previous order, plaintiff has supplemented his complaint.

Plaintiff has previously been permitted to proceed *in forma pauperis*. However, plaintiff is nevertheless obligated to pay the full amount of the $350.00 filing fee. Prison officials are directed to collect the Court's $350.00 filing fee when plaintiff's account exceeds $10.00 and forward payments to the Clerk of this Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

*I. STANDARD OF REVIEW*

*A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted;

or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### *B. General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## *II. BACKGROUND*

In its October 1, 2009 order, the Court directed plaintiff to name defendants other than the BHJC and set forth the specific injuries he suffered. In his supplement, plaintiff makes claims regarding problems with food and deficiencies in medical care.

With respect to the food issues, plaintiff claims that he found hair in his food on one occasion and a tab of some sort on another occasion, that the portions are inadequate, and that the food is cold, apparently as a result of not being cooked on the premises. Plaintiff attempted to file grievances

2

with respect to his food issues, but was denied grievance forms.

With regard to medical care, plaintiff alleges that he suffers from headaches, hypertension, and high blood pressure, but has been refused medication for these conditions. Plaintiff further alleges that he was in need of, but was denied, medical attention during a lock down on July 24, 2009. The only individuals named by plaintiff with respect to his medical claims are Officers Macray and Owens.

## III. DISCUSSION

### A. Food

Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement and a duty to ensure that prisoners receive adequate food, clothing, shelter, and sanitation.[1] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eleventh Circuit Court of Appeals has held, however, that the "fact that food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985), *cert. denied* 475 U.S. 1096 (1986). Further, plaintiff has not alleged that he has suffered from any serious health problems or other injury as a result of the type of food or the way the food is prepared and served. Plaintiff's claims relating to food are thus frivolous and it is hereby **RECOMMENDED** that they be **DISMISSED**.[2]

---

[1] It is unclear whether plaintiff is a pretrial detainee or if he has already been sentenced. For purposes of this Court's analysis, however, it is irrelevant whether plaintiff is a pretrial detainee or has been sentenced. The Eleventh Circuit has held that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." *Hamm v. DeKalb Co.*, 774 F.2d 1567, 1574 (11th Cir. 1985).

[2] To the extent plaintiff complains that he was denied grievance forms, the Eleventh Circuit Court of Appeals has held that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure. *Dunn v. Martin*, No. 04-03566, 2006 WL 1049403, at *2 (11th Cir. Apr. 21, 2006); *see also Baker v. Rexroad*, 159 Fed. Appx. 61, 62 (11th Cir. 2005).

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### B. Medical

Although this Court has serious doubts as to the ultimate merits of plaintiff's medical claims, construing such claims liberally in favor of plaintiff, the Court will allow these claims to go forward.

### C. Defendants

As this Court stated in its October 1, 2009 order, the BHJC is not a proper defendant in this action and it is therefore **RECOMMENDED** that it be **DISMISSED** as a defendant. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

The Clerk of Court is hereby **DIRECTED** to add Officers Macray and Owens as defendants to this lawsuit. Because plaintiff does not name any additional defendants with respect to his medical claims, no other defendants shall be added to this lawsuit at this time.

Accordingly, it is hereby **ORDERED** that service be made as provided by law upon defendant Officers Macray and Owens, and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

It is further **ORDERED AND DIRECTED** that a copy of this order be served upon plaintiff's custodian, if any.

### DUTY TO ADVISE OF ADDRESS CHANGE

4

During the pendency of this action, each party shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of his current address. **Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.**

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and correspondence filed with the Clerk a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

**The Clerk of Court will not serve or forward copies of such motions, pleadings, and correspondence on behalf of the parties.**

## DISCOVERY

5

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** of the date of filing of an answer or dispositive motion by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer and/or dispositive motion. The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. Pursuant to Rule 5 of the Federal Rules of Civil Procedure, as amended, and Local Rule 5.1, as amended, the filing of discovery is prohibited. Specifically, the following discovery requests and responses must not be filed until they are used in the proceeding or the Court orders filing: (i)

depositions, (ii) interrogatories, (iii) requests for documents or to permit entry upon land, and (iv) requests for admissions. Any of the above-described discovery documents will be returned to the filer.[3] Additionally, Local Rule 33.1 limits interrogatories to 25 to each party; Local Rule 34 limits requests for production to 10 per party; and Local Rule 36 limits requests for admission to 15 per party. Any discovery that is not timely produced or responded to must be brought to the attention of the Court by a motion from the party seeking discovery or production.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a SEPARATE MOTION accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

**SO ORDERED**, this 27th day of October, 2009.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

cr

---

[3] When such discovery is filed pursuant to the amended rules after use by a party in a pleading or in support thereof, a certification of the same shall accompany the filing stating that the same is in compliance with the amended rules.